Murphy v. State.

(In Banc. December 8, 1947. Suggestion of Error Overruled, February 9, 1948.)

[32 So. (2d) 875. No. 36591.]

On Suggestion of Error.

(In Banc. February 9, 1948.)

[33 So. (2d) 786. No. 36591.]

**Adams & Long**, of Tupelo, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

This appeal is from a decree adjudging appellant in contempt for violation of an injunction issued by the chancellor under Code 1942, Section 2646. This statute provides that "Any . . . place . . . where liquors are found, kept or possessed . . . shall be deemed to be a common nuisance and may be abated by writ of injunction issued out of a court of equity upon a bill filed in the name of the State by . . . any district attorney . . . in the county where the nuisance is maintained . . . Upon the abatement of any such place as a nuisance the person found to be the possessor or owner of such liquor may be required by the court to enter into a good and sufficient bond . . . to be conditioned that the obligor therein will not violate any of the prohibition laws of the State of Mississippi for a period not to exceed two years from the date thereof . . ." This section may appropriately be taken in connection with Code 1942, Section 1278, which is declaratory of the power of the chancery court or chancellor in vacation to punish any person for violation of an injunction as for a contempt.

On April 15, 1946, decree was entered by agreement, upon proper petition enjoining appellant from selling or having in his possession liquor at the place of his home as therein described. The decree contained other provisions not here relevant. The petition prayed that said place be declared a nuisance and the defendant be enjoined from its further maintenance as such. Bond was not required by the decree.

On the 5th day of November 1946, a petition was filed for citation against appellant, setting out his violation

of the injunction and praying that he be held and punished for contempt. The testimony was sufficient to establish that appellant was found in possession of a substantial quantity of whiskey which he was seen to hide about a foot and a half outside the fence which encloses his home place. Appellant told the officers who made the search that he was in the 'general bootlegging' business.

We find that the statute, Section 2646, is a constitutional exercise of legislative prerogative, at least insofar as it authorizes the abatement of any place as a nuisance and the issuance of injunction against its maintenance. We need not adjudge the statute save as applicable to the facts here present. We further find that the chancellor was justified in finding a violation of the injunction, inasmuch as the liquors were substantially in possession of the appellant at such place.

There is not here involved the question of the right of the chancery court to enjoin against the violation of our criminal statutes, but the punishment imposed is sustained as a violation of the court's injunction against the maintenance of a place which had theretofore been adjudged a nuisance. Such views are in accord with State v. Marshall, 100 Miss. 626, 56 So. 792, Ann. Cas. 1914A, 434.

Affirmed.

### On Suggestion of Error.

**Griffith, J.,** delivered the opinion of the court on suggestion of error.

Appellant filed a suggestion of error in which he urges that even if the evidence showed that appellant was in possession of intoxicating liquor so near to his home place as to be within that which was substantially a part thereof, yet the chancellor by his decree did not adjudge that appellant had the liquor in possession in the manner as above stated but the decree recited only that "the defen-

dant wilfully, unlawfully and in violation of the order of this Court heretofore made on the 15th day of April, 1946, did have in possession intoxicating liquors''—without stating where. In brief, appellant urges that he was convicted for a general violation of the law rather than as regards the nuisance feature of the injunction.

The opinion of the chancellor was made a part of the record, and in it he stated: ''The court finds from the evidence in this case that whiskey was found near the premises of the defendant and was in his possession.'' But even if the opinion had not so recited, or had not been in the record, we would, in support of the validity of the decree, be obliged to consider that he had so found, since he was acting upon the entire record before him. See the elaborate discussion of this subject in Railroad Co. v. Adams, 81 Miss. 90, at pages 105, 109, 32 So. 937.

Suggestion of error overruled.