WEEMS *v.* STATE.

Division B. Feb. 12, 1951.

No. 37546 (50 So. (2d) 398)

825

P. P. Lindholm, for appellant.

826

**Joe T. Patterson,** Assistant Attorney General, for appellee.

**Alexander, J.**

Proceedings for injunction against appellant were instituted under Code 1942, Section 2646 to abate as a nuisance his establishment known as Rainbow Inn. Decree was rendered January 14, 1942, declaring and abating as a nuisance this property and requiring bond in the sum of five hundred dollars to guarantee against the violation of the prohibition laws within the space of two years from the date thereof.

On March 1, 1946, contempt proceedings were instituted against appellant, alleging subsequent violations at

such place and a failure to furnish the required bond. From a decree adjudging such violation and imposing a fine as for contempt, and further remanding him to jail until the required bond should be furnished, Weems appeals.

A former employee of the Rainbow Inn, allegedly under a new ownership, testified to repeated deliveries of whiskey by appellant in substantial quantities to that place. Appellant denied such acts. It was shown without dispute that Weems had paid to the State under the so-called "black market tax" for the period between April 1944 and February 1946 the sum of $24,674.16, covering intoxicating liquors purchased and handled by him.

The chancellor found as a fact that such violation had occurred, and we concur in such finding. ■■ Point is made that the chancellor indicated in his opinion that the burden of proof was measured only by a preponderance rather than conviction beyond a reasonable doubt. See Evans v. Evans, 193 Miss. 468, 9 So. (2d) 641. We deem it immaterial to analyze the statements of the chancellor *ex cathedra* or to scrutinize the nature or force of the impulses by which he was actuated. The appeal is not from the opinion, but from the decree. Our concern is with the result shown in the decree, and the record evidence to support it. Yazoo & M. V. R. Co. v. Adams, 81 Miss. 90, 107, 32 So. 937; Griffis v. Martin Oil Co., 127 Miss. 606, 90 So. 324; Carr v. Miller, 162 Miss. 760, 767, 139 So. 851; Carter v. State, 167 Miss. 331, 342, 145 So. 739; Lee v. Memphis Pub. Co., 195 Miss. 264, 278, 14 So. (2d) 351, 152 A. L. R. 1428; Winfield v. Winfield, 203 Miss. 391, 35 So. (2d) 443.

The fine here imposed was for violation of the prohibition laws by the same person at the same place theretofore declared a nuisance. The contention is made that the cited statute provides for abstention by the contemnor for a limited period of two years. ■■ In the absence of unusual circumstances wherein high prejudice, or other equitable considerations or a limiting statute

are brought into play, the State is not limited in its right to enforce its laws. No such exceptional factors exist here. For an extended period the appellant was absent from the jurisdiction. ▮▮ The two-year limitation in the statute covers only the extent of liability under the bond and begins when the bond is executed and approved.

Regardless of the effect of a physical or financial inability to make bond promptly, as to which see Hansbrough v. State ex rel. Pittman, 193 Miss. 461, 10 So. (2d) 170, the appellant was at the time of the decree herein well established as an outstanding and successful violator of the prohibition laws, as evidenced by the ''tax'' paid the State and the readiness with which he perfected his appeal herein with supersedeas under a bond in twice the amount of the bond required by the decree under the statute. In this matter it was unnecessary to make all the original proceedings part of the record. ▮▮ The decree whose violation is the basis of these proceedings, was exhibited. It is sufficient

We find no vitiating error in the proceedings here.

Affirmed.