ATKINS *v.* STATE.

Feb. 18, 1952.

No. 38389 (56 So. (2d) 886)

Sims & Sims, for appellant.

J. T. Patterson, Assistant Attorney General, for appellee.

Lee, J.

On February 27, 1951, Jesse P. Stennis, District Attorney, presented a petition to the chancellor, under Section 2640, Code of 1942, praying for both temporary and permanent injunctions to abate as a nuisance a certain place, as therein described. It was charged that liquor and slot machines were unlawfully kept and possessed in said place. The chancellor granted his fiat, and the temporary injunction was issued on the same date. Process was served on the owner, John Atkins, alias "Sly" John Atkins, the next day.

A short time later, the sheriff made a search of the Atkins premises. Thirty-nine gallons of liquor were found in his garage, about 100 yards from the store building. In a criminal prosecution in the justice of the peace court, he pled guilty to the possession thereof, and was sentenced therefor.

On March 27 thereafter, the district attorney filed a contempt proceeding on account of the violation of the terms of the temporary injunction. At the conclusion of the hearing, the chancellor found Atkins guilty of contempt and sentenced him to pay a fine of $1,000.00 and to serve a term of six months in the county jail. From the decree entered he appeals.

Appellant contends that no search of the place was made at the time of the service of the temporary injunction, and that the whiskey could have been on the premises at that time; and that, since one of the prayers of the petition was that he be enjoined from removing any liquor from the premises, it was not shown that he had violated the injunction.

The answer to this contention is twofold: (1) The fiat of the chancellor contained no authority to enjoin him from removing liquor off of the premises; and (2) the injunction itself did not so enjoin. In addition thereto, appellant did not offer any evidence to show that the whiskey was actually in the garage at the time of the service of the writ. He did not even testify.

The appellant further contends that the injunction contained no provision about liquor in the outhouses, and that the liquor in question was about 100 yards from his place of business.

The answer to this contention is also twofold: (1) Although the fiat identified the outhouses, they were omitted from the injunction itself. But the injunction identified the place, and enjoined the use of the premises for such unlawful purposes. (2) The liquor was found near the store.

In State ex rel. District Attorney v. Ingram, 179 Miss. 485, 176 So. 392, 394, with the same question presented, this Court said:

"Here the proceeding is to abate a common nuisance, and it is contended that before that can be done it must be shown that liquor was found within the building. In our view, this contention is unsound. There was ample proof to show that the law as to the sale of intoxicating liquors was being violated at this place, and it is immaterial that the liquor was not within the building. It was contiguous or near thereto and could be readily procured". See also Murphy v. State, 202 Miss. 890, 32 So. (2d) 875, and 33 So. (2d) 786.

It follows therefore that the decree of the lower court ought to be, and it is, affirmed.

Affirmed.

**Roberds, Hall, Kyle** and **Ethridge, JJ.,** concur.