STATE EX REL. HAWKINS, DIST. ATTY. *v.* BUSBY, et al.

No. 39485          May 2, 1955          79 So. 2d 728

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellants.

*Hugh N. Clayton,* New Albany, for appellees.

McGEHEE, C. J.

On December 2, 1953, the district attorney of the Third Judicial District of the State, together with the county attorney and the sheriff of Union County, filed their bill of complaint for an injunction against the appellee George Busby and others alleging that the said Busby is the manager of certain real property in the county, and describing the premises in detail, and where the defendants were alleged to be keeping, possessing, storing, and offering "for sale publicly and in open defiance and violation of the laws of the State of Mississippi, intoxicating liquors, as a place with a general reputation as being a place where many vices and infringements on the laws of the State of Mississippi and the community in general are had and carried out. That said premises are a public nuisance at law and under the statute."

The bill further alleges that on the 7th and 11th days of November, 1953, respectively, intoxicating liquors had been found and purchased on said premises, and that

the defendant George Busby and also the defendant Bill Pegram hold a federal liquor license in their own names.

The bill of complaint further charges "that the business as conducted on said premises is now and continues to be a threat and menace to the morals and well being of the community and is a common and public nuisance and should be abated by a writ of injunction issued out of this court (meaning the Chancery Court of Union County) against said establishment and the said defendants, in accordance with law and the statutes in such cases made and provided." The bill then charges "that the situation creates and causes to exist an extreme emergency which is presently existing and will continue to exist in the community wherein the place is located if the said place and the business conducted thereon and therein, and the said defendants' activities as aforesaid are not immediately suppressed and abated by order of this court." It finally charges that the State "has no adequate remedy at law otherwise than to suppress and abate this said nuisance, and that the situation is acute and the same should be immediately suppressed and abated by a temporary injunction issued out of this court."

The prayer of the bill is that the court "will issue a temporary injunction, without notice, restraining and enjoining the said defendants from further conducting the unlawful business now being carried on on or about the said premises, and order the said nuisance to be abated until such time as this court may have a final hearing to determine whether or not this temporary injunction should be made permanent, and that said defendants will be enjoined from violating the intoxicating liquor laws in the State of Mississippi, and that the court will cause process to issue, returnable as by law provided, to the regular February Term 1954 of the Chancery Court of said County and State, therein commanding the said defendants to be and appear and there to plead, answer or demur to this bill, * * * ; and that on the final

hearing hereof the temporary writ of injunction prayed for be made permanent, and each of the defendants be required to enter into bond in such amount as the court may determine, to be conditioned that the obligors may not violate the intoxicating liquor laws of the State of Mississippi, in said State, for a period not to exceed two years from and after date * * * ." The bill then contains a prayer for general relief, and any and all other relief as may seem mete and proper in the premises * * * ."

On the date of the filing of the foregoing bill of complaint the chancellor of the Third Judicial District of Mississippi issued his fiat to the clerk of the Chancery Court of Union County, which, omitting the formal parts, reads as follows: "You will issue the temporary writ of injunction as prayed for by the complainants, restraining the said defendants from the illegal acts set forth in the foregoing bill of complaint against the defendants therein named, and also issue summons as prayed for, returnable to the next term of the Chancery Court of the County of Union, State of Mississippi, as by law in such cases made and provided."

On the next day the chancery clerk issued the temporary writ of injunction against all of the defendants, reciting the fact that the chancellor had directed the issuance of the temporary injunction, without notice, and that his fiat therefor had been duly filed in the office of the said chancery clerk, and which writ then provides:

"Now, therefore, You, and each of you, are commanded and enjoined from, until further orders of this court, the operation of the unlawful business alleged in said bill of complaint on the premises, and thereabouts, in the County of Union, State of Mississippi, set out and described as follows, to-wit: (Describing in detail the property of which the defendant George Busby was alleged in the bill of complaint to be the manager and as particularly described in the bill of complaint)."

The temporary writ of injunction then contained the further provision, immediately following the description of the premises, reading as follows: "Or engaging further in any operation of the said place of business or on said real property or premises in violation of the intoxicating liquor laws and prohibition laws, and other related laws of the State of Mississippi, and in violating the intoxicating liquor laws and prohibition laws in the State of Mississippi until further orders of this court."

The writ was served on each of the defendants named in the bill of complaint and in the temporary writ of injunction, except on Bill Pegram who "cannot be found." Thereafter on March 19, 1954, before there had been a final hearing on the bill of complaint for a permanent injunction, the complainants filed their petition for a citation for contempt against the defendant George Busby, alleging the foregoing facts and further alleging that the said defendant George Busby on March 8, 1954, violated the intoxicating liquor laws and prohibition laws of the State of Mississippi by wilfully, unlawfully and contemptuously possessing and transporting intoxicating liquor, to-wit, whiskey, in violation of the temporary writ of injunction which had been issued against him. But it is not alleged that he had violated the liquor laws of the State on or near the premises described in the original bill of complaint. The chancellor, however, directed the citation to be issued against the appellee George Busby, directing that he be summoned to appear before the chancellor in vacation on April 2, 1954. On that date the said defendant interposed a special demurrer to the petition for the citation for contempt, and this demurrer was sustained by the chancellor, and the petition for citation was dismissed; whereupon the complainants prosecuted this appeal.

In sustaining the special demurrer, the chancellor evidently interpreted his own fiat for the issuance of the temporary injunction on December 2, 1953, to mean that the said defendant had been temporarily restrained,

pending the final hearing of the bill of complaint, from committing the illegal acts set forth in the bill of complaint, that is to say the keeping, possessing, storing, selling and offering for sale publicly and in open defiance of the laws of the State of Mississippi, intoxicating liquors, at the place of business operated by them on the premises described in the said bill of complaint. In other words, the chancellor in effect adjudged that the defendant George Busby had not violated the temporary injunction which had been ordered to be issued under his fiat, and he evidently concluded that the temporary writ of injunction as issued by the chancery clerk was an enlargement upon his fiat to the extent that the writ enjoined (by its concluding provision) the violation of the intoxicating liquor laws and prohibition laws of the State of Mississippi in general, prior to a final hearing on the original bill of complaint.

■■ Section 2646, Code of 1942, relied upon by the appellants on this appeal, provides among other things as follows: "Any * * * , place or room where liquors are found, kept or possessed * * * shall be deemed to be a common nuisance and may be abated by writ of injunction issued out of a court of equity upon a bill filed in the name of the State by the attorney general or any district or county attorney whose duty requires him to prosecute criminal cases on behalf of the State, in the county where the nuisance is maintained * * * ." We are of the opinion that the chancellor did not intend to abate the place of business as a common nuisance without notice to the defendant operator of such place of business, prior to a final hearing on the bill of complaint; that the purpose of the issuance of a temporary writ of injunction was to restrain the keeping, possessing, storing, selling and offering for sale of intoxicating liquors at the place of business sought to be abated pending the hearing of a bill of complaint in that behalf.

Section 2646, supra, further provides: " * * * all rules of evidence and the practice and procedure that pertain to courts of equity generally in this state may be invoked and applied in any injunction procedure hereunder. Upon the abatement of any such place as a nuisance the person found to be the possessor or owner of such liquor may be required by the court to enter into a good and sufficient bond in such amount as may be deemed proper by the court, to be conditioned that the obligor therein will not violate any of the prohibition laws of the State of Mississippi for a period not to exceed two years from the date thereof. * * *" The question of whether or not "upon the abatement of any such place as a nuisance the person found to be the possessor or owner of such liquor" may be enjoined from violating the prohibition laws of the state in general, is not before us and is not reached on this appeal. In the instant case there has been no order or decree abating the place in question as a nuisance. The sole question before us is whether or not the enlargement of the temporary writ of injunction over and beyond the fiat of the chancellor directing the issuance of the same was authorized at the stage of the proceeding when the temporary writ was issued by the clerk of the chancery court.

Section 2646, supra, was construed by this Court in the case of Murphy v. State, 202 Miss. 890, 32 So. 2d 875. And Griffith's Mississippi Chancery Practice, 2d Ed., Section 185, page 172, states: " * * * the special prayer must conform to, and be supported by the facts as alleged in the bill, and must not extend beyond, or outside of them." And in Section 449, page 449, of the same text it is stated: "And while the writ is issued by the clerk and authenticated by his seal of office, it usually is, and always ought to be, prepared by the solicitor for the complainant because it is highly important that the writ be drawn exactly as allowed by the fiat * * * ."

As correctly observed by the appellee in his brief, the writ can be no broader than the fiat, which can be no broader than the special prayer, which can be no broader than the factual allegations in the bill. It, therefore, follows that, since the bill is based on Section 2646, the bill, the special prayer, the fiat and the *temporary* writ, issued without notice, must be restricted to the place *in rem* and the defendant at the place *in personam*.

In the case of Murphy v. State, supra, this Court said: "We find that the statute, Section 2646, is a constitutional exercise of legislative prerogative, at least insofar as it authorizes the abatement of any place as a nuisance and the issuance of injunction against its maintenance." In that case there was cited the case of State v. Marshall, 100 Miss. 626, 56 So. 792, wherein it is stated that: " * * * the chancery court cannot inflict any punishment under the criminal laws of the state. The Constitution of the state forbids this, and the law under which this proceeding is instituted does not attempt to confer on the chancery court any such power."

In the case of Foreman v. State, 209 Miss. 331, 46 So. 2d 794, it was said among other things that "the court can abate and enjoin the prosecution of the business adjudged to be a common nuisance, and require offenders to execute bond to comply with the decree of the court." See also the cases of Vermillion v. State, 210 Miss. 255, 49 So. 2d 401; Weems v. State, 210 Miss. 824, 50 So. 2d 398.

In the case of Rochelle v. State, (Miss.) 75 So. 2d 268, there was a contempt citation based on a permanent injunction issued by the Chancery Court of Marshall County, based on Section 2646, supra. With regard to the temporary writ of injunction theretofore issued in the Rochelle case, this Court said: "An interlocutory injunction pertains to procedure, and a final or permanent injunction is largely a matter of substantive law. The true object and purpose of an interlocutory injunction is to hold and preserve *in status quo* the subject matter upon which the decree is to operate until the court is

able to finally adjudicate the rights and duties of the parties. Griffith Miss. Chancery Practice, 2d Ed. Secs. 442 and 443. * * * Moreover, the writ served upon appellant in pursuance of the temporary order is ambiguous and apparently is restricted to violations on the property."

■ ■ We have concluded that the basis for invoking equitable jurisdiction under Section 2646, supra, is the existence of a common nuisance brought about by the facts specifically alleged in regard to the violation of the criminal laws by keeping, possessing, storing, selling and offering for sale intoxicating liquors in violation of law on the premises which are alleged to constitute the common nuisance, and that it is because of the particular facts alleged to constitute the place a common nuisance that a court of equity may grant a temporary injunction, without notice, restraining the defendant from the illegal acts set forth in the bill of complaint; and that this statute then contemplates that "upon the abatement of any such place as a nuisance (after a notice and final hearing) the person found to be the possessor or owner of any such liquor (meaning liquor found, kept or possessed at the place alleged to be a nuisance) may be required by the court to enter into a good and sufficient bond in such amount as may be deemed proper by the court, to be conditioned that the obligor therein will not violate *any* of the prohibition laws of the State of Mississippi for a period not to exceed two years from the date thereof." (Italics ours).

■ ■ Aside from Section 2646, relied on by the complainants for relief in the instant case, we again emphasize that we do not reach the question of whether or not under "all rules and evidence and the practice and procedure that pertain to the courts of equity generally in this state" which may be invoked in an injunction proceeding under that statute, the chancery court would have authority upon final hearing to enjoin the defendant from a violation of the prohibition laws of the state

in general, the precise question here being whether or not the fiat issued by the chancellor in the instant case had the effect of authorizing the issuance of a temporary injunction, without notice and opportunity to be heard, to enjoin the violation of the prohibition laws somewhere else in the state.

If it can be said that the fiat of the chancellor is to any extent ambiguous, he has interpreted the meaning of his own fiat and has adjudged that the appellee, George Busby, is not guilty of a contempt of his court. It is true that his fiat directs the issuance of the temporary writ of injunction "as prayed for by the complainants," but it then particularizes what the defendants were to be restrained from doing by saying "restraining the said defendants from the illegal acts set forth in the foregoing bill of complaint." We are unable to say that the chancellor was in error in his interpretation of his own fiat, and as to what he intended for the defendants to be restrained from doing.

The decree of the chancellor dismissing the citation for contempt must, therefore, be affirmed.

Affirmed.

*Kyle, Arrington, Ethridge,* and *Gillespie, JJ..* concur.