WARREN *v.* STATE

No. 40533          May 20, 1957          95 So. 2d 237

*Will S. Wells,* Jackson, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

ETHRIDGE, J.

Appellant W. W. Warren has appealed from a conviction for contempt of court, rendered by the Chancery Court of the First Judicial District of Hinds County, for the violation of a permanent injunction restraining him from violating the liquor laws in Hinds County and in the State of Mississippi. The decree was based upon Miss. Code of 1942, Sec. 2646. It provides that any place where liquors are found or possessed ''shall be deemed to be a common nuisance and may be abated by writ of injunction issued out of a court of equity . . .'' It then states: ''Upon the abatement of any such place as a nuisance the person found to be the possessor or owner of such liquor may be required by the court to enter into a good and sufficient bond in such amount as may be deemed proper by the court, to be conditioned that the obligor therein will not violate any of the prohibition laws of the State of Mississippi for a period not to exceed two years from the date thereof. The failure to make such bond shall be a contempt of court and for such contempt the person or party shall be confined in the county jail until such bond is made, but not longer than two years. Said bond shall be approved by the clerk of the court where the proceedings were had and shall be filed as a part of the record of such case.''

1.

On February 15, 1954, the State filed a bill in chancery court to abate as a common nuisance under Sec. 2646 ''The Clover Club'', a place on U. S. Highway 51

north of the city limits of Jackson. It was alleged that intoxicating liquors were possessed and sold there, in violation of the laws of the State. The court was asked to issue a temporary, and later a permanent injunction to enjoin use of the premises for such illegal purposes, and to require appellant Warren and the other two alleged owners and operators to enter into a bond conditioned that they would not violate any of the prohibition laws for a period not to exceed two years. A temporary restraining order was issued on the bill. On March 31, Warren having failed to answer, the court granted a temporary injunction restraining him from any violation of the liquor laws upon the described premises, and anywhere in the territorial limits of Hinds County.

On July 30, 1954, the chancery court rendered a final decree, adjudging that defendant had failed to answer, and that the premises of the Clover Club was a common nuisance upon which liquors were possessed and sold in violation of the laws of the State. Such illegal acts at The Clover Club were abated as a nuisance, and defendant was permanently enjoined from unlawfully possessing or selling intoxicating liquor on the described premises. Defendant was further enjoined, "permanently and perpetually", from "having unlawful possession of intoxicating liquor in defendant's possession and . . . control throughout the territorial limits of Hinds County, Mississippi, and the entire State of Mississippi." He was required to enter into a bond in the amount of $1,000, conditioned that he would not violate any of the prohibition laws of the state for two years. This injunction was served upon the defendant. On August 12, 1954, he made a bond as required by the decree.

2.

On the night of October 28, 1956, Warren was arrested by the sheriff and his deputies in a wooded area behind "Randy's Place", west of the City of Jackson, in pos-

session of whiskey. This was some two and one-half months in excess of two years after the bond of August 12, 1954, so we are not concerned with this bond.

On October 29, 1956, the district attorney filed in the chancery court a petition for citation for contempt. It averred that defendant's arrest on October 28, 1956, in possession of whiskey contrary to the state laws, constituted a violation of that part of the decree of the court of July 30, 1954, in which Warren was perpetually. enjoined from having in his possession intoxicating liquors in Hinds County and the entire State of Mississippi. A demurrer to the petition was overruled. The undisputed evidence for the State showed that officers arrested Warren in the possession of intoxicating liquor behind Randy's Place, west of the City of Jackson in Hinds County; and that Randy's Place is several miles from The Clover Club, which is north of the City of Jackson, and which is the premises adjudged by the chancery court to be a common nuisance in its decree of July 30, 1954. The chancery court found that Warren had wilfully violated the court's decree of July 30, 1954, by having in his possession on October 28, 1956, intoxicating liquors in violations of the laws of the state, at a place known as "Randy's". So the decree of November 14, 1956, sentenced appellant to a term of six months in the county jail and assessed him with a fine of $1,000, for contempt of court in violation of the 1954 decree. This appeal is from this adjudication of contempt.

3.

The sole question is whether the contempt conviction in the decree of November 14, 1956, is authorized by Code Sec. 2646. The statute long ago was held to be valid and constitutional. Brooks v. State, 219 Miss. 262, 68 So. 2d 461 (1953). It does not authorize the chancery court to enjoin permanently a person from violating the liquor laws anywhere in the state. Sec. 2646 is basically

an act declaring that any place where intoxicating liquors are possessed or sold is a common nuisance, and authorizing the abatement of the illegal use of such premises. The last three sentences of the act, quoted above, provide that upon the abatement of any such place as a nuisance the person found to be the possessor or owner of such liquor may be required by the court to enter into a bond "to be conditioned that the obliger therein will not violate any of the prohibition laws of the State of Mississippi for a period of not to exceed two years from the date thereof". The failure to make such a bond is declared to be a contempt of court. But defendant was not convicted for failure to make such a bond or for violation of the bond. That is not an issue.

It is clear that the court has the power to permanently enjoin a defendant from violating the liquor laws on premises adjudged by the chancery court to constitute a common nuisance under Section 2646. Weems v. State, 210 Miss. 824, 50 So. 2d 398 (1951); Stringer v. State, 87 So. 2d 691 (Miss. 1956). In Weems it was held that the two-year limitation in the statute covers only the extent of liability under the bond; and that the trial court should be affirmed in its contempt conviction where after two years the defendant violated the prohibition laws "at the same place theretofore declared a nuisance".

The question as to whether Section 2646 authorizes the chancery court to enjoin a defendant from violating the liquor laws anywhere in the state, other than on premises found to be a common nuisance, was expressly pretermitted by the court in Murphy v. State, 202 Miss. 890, 895, 896, 32 So. 2d 875 (1947), and State v. Busby, 79 So. 2d 728, 731-733 (Miss. 1955). It is manifest that Code Section 2646 does not give to the chancery court the power to permanently enjoin a defendant, in a suit to abate a common nuisance, from violating the liquor laws anywhere in the state. It does give to the court

the power to enjoin a defendant, in a suit brought to abate a common nuisance, from violating the liquor laws on the premises abated as a common nuisance. The injunction must first be directed to the abatement of a nuisance at a certain place, and then, to effectuate equity's jurisdiction over nuisances, the defendant operating the place can be enjoined from continuing the nuisance by violating the liquor laws on the premises. The provision for a bond for two years is ancillary and supplemental to the granted power to abate the use of certain premises as a common nuisance.

### 4.

Code Section 2646 is in part a statutory procedure to effectuate this general rule of law. The rule is summarized in 30 Am. Jur., Intoxicating Liquors, Secs. 503 and 505: "Under a statute conferring a limited statutory jurisdiction by injunction in liquor cases, the court's power extends only to the nuisances therein defined. Where, under the authority conferred, the injunction goes primarily against the places where the prohibition laws are violated, the authority does not extend to violations generally. Such a law does not confer on courts of equity general power to govern the state by injunction, in so far as its laws pertain to the subject of intoxicating liquors. . . . . it is a well-settled general principle that in the absence of an injury to property or civil rights, an injunction will not lie to restrain acts simply because they are criminal, to enforce moral obligations, or to interfere in matters merely of an illegal or immoral character."

Two other texts contain comprehensive examinations of this precise problem. 28 Am. Jur., Injunctions, Sec. 148, analyzes it in this way: "The aid of the injunctive powers of equity is frequently sought against acts of a criminal or penal character, and the availability of the remedy for such purpose is a matter which has received

much judicial attention. It may be observed at the outset that equity is in no sense a court of criminal jurisdiction, and its reluctance to intervene in matters purely criminal or penal is recognized universally. Something more than a mere offense against the laws of the land is necessary to justify the exercise of its powers. There must be some interference, actual or threatened, with property or other rights which chancery will undertake to protect, or some additional element bringing the case within the domain of that court. . . . It is now the rule that where acts complained of are violations of the criminal law, courts of equity will not on that ground alone interfere by injunction to prevent their commission, since they will not exercise their preventive powers for the purpose of enforcing the criminal laws by restraining criminal acts, nor will they ordinarily interfere to prevent the prosecution and punishment of crimes. The rule which prevents courts of chancery from interfering with the administration of the criminal laws of the state is a wise one, founded upon sound principles of public policy. Any other rule would result in much confusion and embarrassment in preserving peace and order and in enforcing the police powers of the state generally. If the only ground for preventing the crime is the fact that it is a crime, resort must be had to the criminal courts, which possess ample power to punish the wrongdoer, and in such case the remedy at law inadequate. Any attempt of equity to restrain purely criminal acts would be a denial to the defendant of his right to a trial by jury. Moreover, the fact that the criminal statutes are not properly enforced, or that it may be difficult to obtain convictions, does not furnish a sufficient reason for assuming jurisdiction to enjoin criminal acts.''

43 C. J. S., Injunctions, Sec. 150, considers the rationale of the rule and the principal objections to permitting an equity court to enjoin violations of the criminal law: ''Except where there is express statutory authority

therefor, equity has no criminal jurisdiction, and acts or omissions will not be enjoined merely on the ground that they constitute a violation of law and are punishable as crimes. Under ordinary circumstances a complete and adequate remedy for the violation of the criminal statutes of a state and of municipal ordinances is afforded by the courts of law; and, if a criminal prosecution will constitute an effectual protection against the acts or omissions complained of, no grounds exist for relief by injunction. The objections to 'criminal equity' are that it deprives defendant of his jury trial; that is deprives him of the protection of the higher burden of proof required in criminal prosecutions; that, after imprisonment and fine for violation of an equity injunction, defendant may be subjected under the criminal law to punishment for the same acts; that it substitutes for the definite penalties fixed by the legislature whatever punishment for contempt a particular judge may see fit to exact; that it is often no more than an attempt to overcome by circumvention the supposed shortcomings of jurors; and that it may result, or induce the public to believe that it results, in the arbitrary exercise of power and in government by injunction. The possibility that many persons will violate the law and that many suits will be required to enforce it, the mere fact that the officers charged with the duty of enforcing the provisions of the criminal law neglect or refuse to perform their duty in this regard, the failure of local juries to convict, or the fact that the punishment for the crime is inadequate does not warrant relief by injunction.''

Code Section 2646 is entirely consistent with these sound reasons and principles. The court's power under the statute extends to the nuisances therein defined, and to the bond ancillary to the court's power to abate nuisances. The decree of the chancery court attempted to enjoin appellant ''permanently and perpetually'' from violating the liquor laws anywhere in the State of Missis-

sippi. That part of the injunction, which extends to places in the State other than the premises adjudged therein to constitute a common nuisance, was not authorized by Section 2646 and was beyond the power of the chancery court acting under that statute; so to that extent, that part of the decree was invalid.

The State concedes that the statute contains no express provision authorizing the exercise of such a comprehensive power, but it contends that the "spirit" of the act justifies the court in inferring the existence of such authority. We do not reach in this case any question of the constitutional power of the Legislature to so provide. We hold that Section 2646 does not vest such power in the chancery court, either expressly or by necessary inference.

A court of equity cannot and should not exercise a general power to enforce the criminal laws of the State, apart from cases wherein such enforcement is supplemental to an established constitutional power of that court. Original jurisdiction in criminal cases is vested under the Constitution in circuit courts, and courts inferior to the circuit court. The issue of defendant's guilt or not with reference to possession of intoxicating liquors on the occasion involved in this case should be tried on an indictment in the circuit court, and not by the use of the contempt power of the chancery court, which is directed under Section 2646 to the abatement of places constituting a common nuisance. For these reasons, the decree of the chancery court is reversed and judgment rendered here for appellant.

This decision is without prejudice to the right of the State to prosecute defendant in the criminal courts for possession of intoxicating liquors. ■■ ■ We simply hold that the statute does not authorize the chancery court to enjoin a man for the rest of his life from the possession and sale of intoxicating liquors in the entire state. The injunction must be limited to acts of the de-

fendant upon the premises where the unlawful acts are abated as a common nuisance.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.