## Horne *v.* State

No. 40628          December 2, 1957          98 So. 2d 653

*L. Percy Quinn,* Jackson, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

KYLE, J.

The appellant, Charlie Horne, has appealed from a decree of the Chancery Court of the First Judicial District of Hinds County convicting him of contempt of court for the violation of an injunction issued by the court on July 30, 1954, permanently restraining and enjoining him from violating any of the laws of the State of Mississippi pertaining to gaming or gambling or the unlawful possession and sale of intoxicating liquors.

The suit is a companion suit to the case of W. W. Warren v. State, No. 40,553, 95 So. 2d 237, decided by this Court on May 20, 1957.

The record shows that on February 15, 1954, the State filed a bill in the chancery court to abate as a common nuisance, under Section 2646, Miss. Code of 1942, "The Clover Club," a place on U. S. Highway No. 51, north of the city limits of Jackson, in the First Judicial District of Hinds County, in which it was alleged that intoxicating liquors were kept, used, possessed and disposed of in violation of the laws of the State, and gambling devices were kept and exhibited and gambling was permitted, in violation of the law. The bill alleged that the place was owned and operated by and was under the control of W. W. Warren, Charlie Horne and one other person, all of whom were named as defendants in the bill of complaint. The prayer of the bill was that the court enjoin the further use or occupancy of the above described premises for the purpose of violating the laws of the State prohibiting the possession and sale of intoxicating liquors and the laws prohibiting the keeping and operation of gambling devices; that the above named defendants be "both

temporarily and permanently enjoined from the further violation of the laws against operating a place where intoxicating liquors are kept or possessed and against operating a place where gambling devices are kept and exhibited,'' and that the defendants be required to enter into a good and sufficient bond conditioned that they would not violate any of the prohibition laws of the State or any of the gambling laws of the State for a period not to exceed two years.

A temporary injunction was issued by the chancellor on March 31, 1954; and a final decree was rendered in the cause on July 30, 1954.

The final decree recited that personal service of summons had been had upon the defendants, and that the defendants had failed to appear and answer, and that the State was entitled to the relief prayed for in the bill of complaint. The court specifically found that the ''Clover Club'' was a building and place where intoxicating liquors were unlawfully kept and possessed, and where gambling was conducted, permitted and maintained in violation of the law; that the place was under the possession and control of the defendants; and that the place should be abated by writ of injunction as a common nuisance, as provided for in Section 2646 and Section 1073, Code of 1942. The court therefore ordered that the defendants be permanently and perpetually enjoined and restrained from keeping and exhibiting gambling devices and permitting gambling in any form contrary to the laws of the State of Mississippi, and from unlawfully possessing, storing, keeping, selling or giving away intoxicating liquors at or on the above described premises, and from further operating or using said premises for any of said purposes; and that the defendants be permanently and perpetually enjoined and restrained from conducting and permitting gambling devices and gambling in any form, contrary to the Laws of the State of Mississippi, and from having intoxicating liquor in their possession or

control "throughout the territorial limits of Hinds County, Mississippi, and the entire State of Mississippi." The court also ordered that the defendants be required to enter into bond in the sum of $1,000, each, conditioned that they would not violate any of the laws of the State pertaining to prohibition, gaming or gambling during a period of two years from the date thereof.

On September 20, 1954, the defendant Horne filed a motion to have the court modify the decree which had been entered on July 30, 1954; and upon the hearing of that motion the court entered an order which recited that the defendant Horne was not one of the owners or actual operators of the "Clover Club" at the time the summons or citation was served, and that he was unable to make a thousand dollar good behavior bond; and the court ordered that the decree dated July 30, 1954, be modified to the extent that the defendant Horne be not required to post a thousand dollar bond, but be released on his own recognizance.

The petition for citation of the defendant Horne for contempt was filed on October 12, 1956. In that petition it was alleged that Horne had been arrested on October 11, 1956, for having whiskey and gambling devices in his possession, contrary to the laws of the State of Mississippi; and the court was asked to have a citation issued and to adjudge Horne to be in contempt of court for violating the above mentioned injunction dated July 30, 1954. The defendant filed a general demurrer and a special demurrer to the petition, both of which were overruled; and the cause was heard on its merits on October 26, 1956. Upon the hearing of the petition evidence was offered on behalf of the State which showed that on October 11, 1956, three deputies from the sheriff's office, armed with a search warrant, went to a place known as "Randy's Place," located on the west side of Lindberg Drive and approximately one-fourth mile south of West Capitol Street or Clinton Boulevard, near the west corporate

limits of the City of Jackson, for the purpose of searching said premises for intoxicating liquors. The officers found the defendant Horne on the premises and served the search warrant on him. The officers then made their search and found on a table behind a bar or counter a small quantity of whiskey, and in a rest room a bump board for the operation of a crap game. After making the search the officers arrested Horne and found on his person a bottle of whiskey and a pair of dice. Horne' stated he had removed the bottle of whiskey from one of the tables in the place while he was cleaning up just before the officers arrived. Horne later testified that he was employed by Randy Martin, the owner of the club, to work behind the counter or the bar.

Upon the evidence stated above, the court found that Horne had willfully, deliberately and knowingly violated the previous order of the court dated July 30, 1954, and that he was in contempt of the court; and the court sentenced Horne to pay a fine of $1,000 and to serve six months in the county jail.

██ █ Only two points are argued by the appellant's attorney as grounds for reversal of the judgment of the lower court, namely: (1) That the modified decree entered by the court on September 20, 1954, which recited that the appellant Horne was not one of the actual owners or operators of the "Clover Club" at the time the citation in the original proceeding was served, removed Horne from the class of persons who might be enjoined under the statute from violating the decree; and (2) that the appellant could not be convicted of contempt for violating the above mentioned injunction by showing that he had been in possession of intoxicating liquor and gambling devices, at the place known as "Randy's Place," which was located several miles from the "Clover Club."

In view of the fact that the conviction for contempt must be set aside for the reason stated in the second as-

signment of error, it is not necessary that we discuss the first assignment of error.

In the Warren case, supra, the Court held that Section 2646, Code of 1942, authorizing the chancery court to abate as a nuisance any premises where any intoxicating liquors are found, did not give to the court the power to enjoin a defendant from violating the liquor laws anywhere in the State, other than on the premises found to be a common nuisance, and that the part of the injunction issued on July 30, 1954, which undertook to prohibit the defendant in that case from having intoxicating liquors in his possession in places other than the place ordered to be abated as a common nuisance, was invalid. The Court in its opinion in that case said: ''The injunction must first be directed to the abatement of a nuisance at a certain place, and then, to effectuate equity's jurisdiction over nuisances, the defendant operating the place can be enjoined from continuing the nuisance by violating the liquor laws on the premises. * * * A court of equity cannot and should not exercise a general power to enforce the criminal laws of the State, apart from cases wherein such enforcement is supplemental to an established constitutional power of that court.''

The part of the injunction issued on July 30, 1954, which the appellant in this case was charged with violating is the part of the injunction which was held to be invalid in the Warren case. The appellant was not charged with any violation of the other provisions of the injunction.

The decree of the lower court is therefore reversed and the appellant discharged.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Hall, Arrington* and *Gillespie, JJ.,* concur.