SERIO *v.* GULLY, STATE TAX COLLECTOR.

(In Banc. Oct. 28, 1940.)

[198 So. 307. No. 34246.]

W. H. Montjoy, of Greenwood, for appellant. .

Denman & Everett, of Greenwood, for appellee.

Ethridge, J., delivered the opinion of the court.

This is a suit instituted in the Chancery Court under the provisions of section 2000, Code of 1930, praying for writs of attachment and garnishment, and for personal

judgment or decree in favor of the appellee against the appellant, and for abatement of the premises on which it was alleged that intoxicating liquors were kept for sale, and sold in violation of the law. In the course of the trial the attorney for the State Tax Collector called the appellant to the witness stand, and proved by him that he was the owner of the premises in question, in which it was alleged that intoxicating liquors were sold, and that he had a federal license for the sale thereof. After this testimony was in, a motion in arrest of judgment was interposed, claiming immunity from the consequences of the alleged violation of law because of the appellant having been required to testify in the case.

It is claimed by the appellant, and conceded by the appellee, that the case is governed, in substantial particulars, by the case of Malouf v. Gully, State Tax Collector (Miss.), 192 So. 2, in which case it was held that where a party in a similar suit to this was required to testify as a witness he was immune from the consequences of violation of the law in respect to the matters set forth in the bill.

In Hosey v. State, 136 Miss. 5, 100 So. 577, it was held that one under indictment for selling whiskey, having testified before a grand jury to facts relating to the alleged sale, was entitled to immunity from prosecution under section 1792, Code 1906 (section 2106, Hemingway's Code 1917). See other cases cited in Miss. Ann. Dig., entitled Criminal Law, 42.

It follows from these cases that the plea of immunity should have been sustained, and the judgment of the court below is therefore reversed, and the plea of immunity sustained; and the appellant is discharged.

Reversed and rendered.