VERMILLION, et al. *v.* STATE ex rel. CARMAN.

Division A. Dec. 11, 1950.

No. 37685 (49 So. (2d) 401)

Berger & Callon, for appellants.

Walter D. Coleman, for appellee.

**Holmes, C.**

This is an appeal from a decree of the Chancery Court of Adams County, adjudging the premises known as the Union Center, consisting of the first floor of a building located on Main Street in the City of Natchez, to be a common nuisance upon the ground that intoxicating liquors were found, kept or possessed therein, and ordering the abatement of such nuisance, and making permanent and perpetual a temporary injunction theretofore issued enjoining the owners and operators of said premises and any and all other persons from keeping or possessing intoxicating liquors on said premises contrary to the prohibition laws of the State of Mississippi. The action was instituted against C. R. Vermillion and J. M. Hall, the appellants here, as the alleged owners and operators of the premises known as the Union Center, and was originally brought under the provisions of Sections 1073 and 2646 of the Mississippi Code of 1942, the former section having reference to violations of the gaming laws, and the latter section having reference to violations of the prohibition laws. No relief was granted under the

provisions of said Section 1073, and we are therefore concerned on this appeal only with the action of the trial court in undertaking to abate by writ of injunction the alleged nuisance under the provisions of said Section 2646, which reads as follows:

"Section 2646. Clubs, vessels, boats, place, or room, liquor found in, nuisance abated by injunction.—Any club, vessel or boat, place or room where liquors are found, kept or possessed or any boat or vessel used in any of the waters of this State in conveying any intoxicating liquors or any person with intoxicating liquor in their possession or under their control into or in this State shall be deemed to be a common nuisance and may be abated by writ of injunction issued out of a court of equity upon a bill filed in the name of the State by the Attorney-General or any district or county attorney whose duty requires him to prosecute criminal cases on behalf of the State, in the county where the nuisance is maintained, or by any citizen or citizens of such county, such bill to be filed in the county in which the nuisance exists. And all rules of evidence and the practice and procedure that pertain to courts of equity generally in this State may be invoked and applied in any injunction procedure hereunder. Upon the abatement of any such place as a nuisance the person found to be the possessor or owner of such liquor may be required by the court to enter into a good and sufficient bond in such amount as may be deemed proper by the court, to be conditioned that the obligor therein will not violate any of the prohibition laws of the State of Mississippi for a period not to exceed two years from the date thereof. The failure to make such bond shall be a contempt of court and for such contempt the person or party shall be confined in the county jail until such bond is made, but not longer than two years. Said bond shall be approved by the clerk of the court where the proceedings were had and shall be filed as a part of the record of such case."

A hearing was had for the issuance of a temporary injunction and evidence was introduced thereon, and at the conclusion thereof the court ordered the issuance of a temporary injunction. The writ of injunction was then issued and was directed not to any named party or parties but "to the owners and operators of the Union Center, the business therein and any and all persons on, in or about said premises." The officer undertook to execute the writ by serving same on the appellants, C. R. Vermillion and J. M. Hall. When the case came on for final hearing, the parties agreed that the same evidence introduced on the hearing for a temporary injunction might be considered on the final hearing, and, upon consideration thereof, the court rendered its final decree. The final decree of the court adjudged the premises in question to be a common nuisance because intoxicating liquors were found, kept, and possessed therein in violation of the prohibition laws of the state, and ordered that the same be perpetually abated, and that the temporary injunction theretofore issued be made permanent and perpetual, and directed that "the owners and operators of said premises and any and all other persons" be perpetually and permanently enjoined from keeping or possessing intoxicating liquors on said premises contrary to the prohibition laws of the state.

A stipulation of facts was entered into by counsel for the respective parties and filed for consideration on this appeal. By this stipulation it was agreed that the proof showed that whiskey was sold to witnesses for appellee by someone at the Union Center who was standing behind the counter and appeared to be in charge but whose identity or name was not disclosed, and was also agreed that there was no proof showing that appellants owned the building or had control thereof, or that any person under their control or employment ever sold or possessed intoxicating liquors therein.

It was further agreed by this stipulation that the sole question for determination on this appeal is whether or

not under the facts an injunction should issue against the appellants individually, or should issue against the place of business in the absence of proof as to the identity of the owners and operators of the business. It is not clear whether it was intended by the parties that the facts set forth in the stipulation should be considered as the sole facts for consideration on this appeal, or whether the same should be considered as supplemental to the evidence disclosed by the record. This becomes immaterial, however, since it appears both from the stipulation and the evidence that there is absolutely no proof that appellants owned, operated, controlled, or conducted the premises known as the Union Center, or that they, their servants, agents, or employees had any connection whatever with the same. The court did not adjudicate that appellants were the owners and operators of the premises nor did it adjudicate who the owners and operators thereof were. Therefore, the writ of injunction directed to the owners and operators of the premises was directed to unascertained and unknown persons; and the officer was no more warranted in serving it upon appellants than he was in serving it upon a total stranger to the proceedings.

It is not enough under said Section 2646 that the nuisance therein defined be found and adjudged to exist, but if the laudable purpose of the statute is to be accomplished the identity of the person or persons responsible for the nuisance must also be ascertained and adjudicated, to the end, as the statute provides, that the nuisance so found to exist may be abated by a writ of injunction against the party or parties responsible therefor.

The statute contemplates the abatement of the nuisance by a writ of injunction. It is not contemplated that proceedings thereunder shall be solely in rem against the premises in which the nuisance is found to exist or solely in personam against the person or persons responsible for the nuisance.

The purpose of the statute is to provide by injunction for the abatement of the nuisance found to exist, and such purpose can only be accomplished by an injunction against the person or persons, their agents, servants or employees who may be ascertained and adjudged to be responsible for the nuisance. An injunction issues against persons and does not issue to suppress a business as such. 43 C. J. S., Injunctions, Section 34, page 467.

 A decree directing the issuance of an injunction under said Section 2646 is in personam against the person or persons against whom the same is rendered and operates in rem against the particular premises insofar as concerns the illegal use of such premises.

In order to be enforceable the decree must be definite and certain as against some known person or persons against whom the same is to operate. The relief thereby sought to be granted should run only against those who are parties, their servants, agents or employees, and should not attempt to bind those not in privity with such parties and not named or served as defendants to the action. 28 Am. Jur., p. 472.

The decree rendered by the court below did not attempt to adjudicate the identity of the owners or operators of the premises complained of. In fact, there was no proof before the court upon which to base such adjudication. Yet the decree, and the injunction thereby made permanent, was made to run against unascertained owners and operators of the premises, and in addition thereto against ''any and all other persons'' whether such other persons be parties to the proceedings or in any manner responsible for the operation of the premises or not.

In order to accomplish the purpose of the statute it was necessary to show, first, the facts constituting the nuisance, and, second, the identity of the person or persons responsible therefor, and then to direct the issuance of the injunction against such person or persons, their servants, agents or employees.

We think the decree was so broad, indefinite, and uncertain as to be unenforceable.

We are of the opinion, therefore, that the decree of the court below should be reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is reversed and remanded.