ZAMBRONI, et al. *v.* STATE, ex rel. HAWKINS.

Apr. 27, 1953

No. 38883         29 Adv. S. 53         64 So. 2d 335

*Robt. B. Smith,* for appellants.

*J. T. Patterson,* Assistant Attorney General, for appellee.

HALL, J.

This suit was brought in chancery by the State on the relation of the district attorney, joined by the county attorney and a constable, against the appellants praying for an injunction to prevent them from selling intoxicating liquor at their place of business in Marshall County operated under the name of Malone's Grocery.

At the trial, the State called both appellants as adverse witnesses for cross-examination and compelled them to testify. They admitted that they have been operating Malone's Grocery as partners, admitted that both retail and wholesale liquor licenses have been issued to this place of business by the collector of internal revenue, admitted the payment of black market taxes to the State in an amount of more than $30,000.00 on the illegal sales of intoxicating liquor, and admitted that they have unlawfully sold more than 10,000 cases of intoxicating liquor. At the conclusion of the evidence offered by the State, appellants offered no testimony but made a motion to dismiss the suit on the ground that when they were compelled to testify against themselves they were granted immunity from further prosecution of the suit. The chancellor overruled this motion, entered a decree requiring appellants to enter into bond in the amount of $2,000.00 each, conditioned not to violate the liquor laws for a period of two years, and ordered the sheriff to take both appellants into custody and hold them until the bonds were given.

From that action they appeal and present the sole question whether they should have been granted immunity from further prosecution of the suit because of

their having been compelled to testify against themselves.

Section 2630, Code of 1942, in the chapter on Intoxicating Liquors, provides: "No person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter, or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court . . ."

This suit was brought under Section 2646, Code of 1942, which is in the same code chapter relating to intoxicating liquors, and is therefore within the express terms of said Section 2630. It will be noted that the immunity granted by the statute is not only against a penalty but also against a forfeiture; it is not confined to a criminal case in a criminal court but is extended to any cause or proceeding, criminal or otherwise, before any court.

In 37 C. J. S., Forfeitures, Sec. 1, p. 4, it is said that the term forfeiture "is a comprehensive one and expresses the result which flows from a failure to comply with the law." It has a broad and general meaning and is not restricted to forfeiture of money, goods, or other property. Ibid. Sec. 3, p. 6. Forfeitures are not favored and statutes imposing forfeitures will be construed strictly, and those relieving against forfeitures will be construed liberally. Ibid. Sec. 4, p. 8.

In the case of Malouf v. Gully, State Tax Collector, 187 Miss. 331, 192 So. 2, Malouf was compelled to testify against himself in a suit for injunction to abate his place of business as a nuisance and for the imposition of

penalties. The Court quoted and referred to Section 1991, Code of 1930, which is the same as Section 2630, Code of 1942, and with reference to its application said: "We are of the opinion that . . . Malouf, by his testimony, was rendered immune to further prosecution of this cause, and we reach that conclusion upon the following considerations: Manifestly, under the allegations and prayer of the bill, it was sought to subject Malouf to penalties and forfeitures. They are expressly provided for by the statutes. It is argued, however, that, by the temporary injunction, the court only enjoined the further prosecution of the business and imposed no penalty or forfeiture. The term 'forfeiture' has a very comprehensive meaning, and expresses the result which flows from a failure to comply with the law. 25 C. J. Sec. 43, p. 1169. Malouf's admission of guilt subjected him to the forfeiture of his liquor business and his dry goods and grocery business." In the case at bar the appellants were remanded to the custody of the sheriff and deprived of their liberty until they could make the bond required of them, and this was done upon the testimony which they had been compelled to give against themselves. The Malouf case was followed by this Court in Serio v. Gully, State Tax Collector, 189 Miss. 558, 198 So. 307, and by the Supreme Court of Florida under a similar statute of that State in the case of Florida State Board of Architecture v. Seymour, 62 So. 2d 1.

It is not our province to write the statutes, but only to construe them as written. ▉▉ Under the express terms of the statute the appellants are entitled to immunity and their motion should have been sustained by the lower court notwithstanding the fact that they are evidently among the largest liquor dealers in the State. The decree of the lower court will therefore be reversed and judgment will be here entered dismissing the bill of complaint. This is, of course, without prejudice to the right to institute a similar suit upon any facts originating after April 26, 1952, the date of the decree herein.

Reversed and judgment here.

*McGehee, C. J.,* and *Holmes, Arrington* and *Lotterhos, JJ.,* concur.