STRINGER *v.* STATE

| No. 40058 | June 4, 1956 | 87 So. 2d 691 |

*Quitman Ross*, Laurel, for appellant.

*John H. Price, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was adjudged in contempt of court and sentenced to jail for four months and fined $500.00.

On October 28, 1952, the State of Mississippi, through the Attorney General, filed against appellant and another a bill to abate a common nuisance. It was alleged that Bud's Place, located in Jones County, was a building and place where intoxicating liquors were kept, used and possessed in violation of law and was a common nuisance. The prayer was that under the provisions of Section 2646, Mississippi Code of 1942, appellant and the other defendant be temporarily and permanently enjoined from operating a place where intoxicating liquors are kept and possessed, and for abatement of Bud's Place as a common nuisance. It did not seek to close Bud's Place, but only to enjoin its further use, occupancy, and operation for the purpose of violating the prohibition laws. Fiat was issued by the chancellor and the temporary injunction was issued and served on appellant and the other defendant, and defendants were summoned to answer the bill.

Nothing further was done in the case and no final hearing was had. No answer was filed by appellant or the other defendant, and no motion was made to dissolve the temporary injunction. On December 10, 1954, the chancellor entered an order directing the clerk to redocket the case. How or why the case was removed from the docket does not appear. The same day, the

petition upon which appellant was adjudged in contempt was filed, in which it was charged that appellant violated the liquor laws at Bud's Place on November 19, 1954. After the pleadings were settled, a hearing was had on the contempt charge.

Pursuant to an executive order, the National Guard conducted a raid on Bud's Place on November 19, 1954. About a dozen people were in the place. Appellant and two women were behind the counter. The officers did not see any liquor served or sold, but liquor was on the counter or bar and at several other places in the place. In all, several hundred bottles of liquor were found in Bud's Place. Appellant was arrested, along with the two women. An employee of the telephone company testified that she collected the telephone bill for Bud's Place from appellant at least a dozen times between the issuance of the injunction and November 19, 1954. In June, 1954, appellant executed an easement to the gas company in connection with installing gas service in Bud's Place. The installation was completed in July, 1954. An employee of the Mississippi Power Company testified that appellant paid the light bill for Bud's Place from May, 1954 until and after November 19, 1954, although the account was in the name of one Ainsworth. A liquor dealer testified that he delivered whiskey to Bud's Place six or eight times in 1954 prior to November 19, and was paid therefor by appellant. Appellant did not testify and did not offer any evidence as to the raid on November 19, 1954, or as to who were the operators and employees of Bud's Place.

Appellant included a demurrer to the original bill in his answer. He contends that the lower court erred in overruling the demurrer. He argues, in effect, that the injunction was improvidently issued without notice; that the original bill did not charge that there was no complete and adequate remedy at law; that it did not charge who, if anyone, was being injured or threatened with

injury! that it did not charge that the injury would be irreparable.

■■ ■ Upon a citation for contempt for an alleged violation of a temporary injunction whether the injunction was improvidently issued is not within the legitimate scope of the inquiry. Whether one has violated the injunction is one issue; whether the injunction is one that must be obeyed is another. On the latter issue, the only inquiry is whether the court had jurisdiction of the parties and the subject matter, and whether the court had the power to issue such injunction in the particular suit. 12 Am. Jur., Contempt, Sec. 26. Assuming, but not deciding, that the temporary injunction was improvidently issued, it was entitled to obedience until dissolved.

■■■ In a proceeding under Section 2646, Mississippi Code of 1942, it is not necessary for the State to allege or prove that there is not a complete and adequate remedy at law, nor that anyone is threatened with irreparable injury. This is a statutory proceeding. The statute provides that any place, etc., where liquors are found, kept, or possessed, "shall be deemed a common nuisance and may be abated by a writ of injunction." The provision that all rules of evidence and the practice and procedure that pertain to courts of equity generally in this State may be invoked and applied in any injunction procedure under the statute is a general directory provision. The statute plainly states what is deemed a common nuisance and that it may be abated by injunction. It does not limit the State's right to abate the nuisance to cases where there is no adequate remedy at law and where irreparable injury is threatened.

Appellant contends that since two years had passed since the issuance of the temporary injunction, the prosecution is barred by laches. It is said that since the statute authorizes a bond to be required of the defendant conditioned that he will not violate the prohibition laws

for a period of two years, that this was an apparent attempt on the part of the legislature to conform to the two-year statute of limitations applicable to misdemeanors.

■■ ■ If the alleged violation of the injunction had occurred more than two years before the citation for contempt was issued, the court would probably hold that the two-year statute of limitation would apply by analogy. Cf. Brewer v. State, 176 Miss. 803, 170 So. 540. But the main contention of this regard is that the State did not take any action after the issuance of the temporary injunction on October 28, 1952, until this citation for contempt was initiated on December 10, 1954, alleging that the appellant violated the injunction on November 19, 1954. Nor did appellant move to dissolve the injunction. He did not answer the original bill. Both parties were apparently content to let the matter rest for a period of about twenty-five months. The State was required to be ready to prosecute the matter with due diligence, and the injunction could have been dissolved on motion for failure on the part of the State to proceed with the case, unless good cause could have been shown. But no motion was made. We do not approve or disapprove of the manner this case was handled in that regard insofar as the State was concerned. We are not vitally concerned with diligence or lack of it, on the part of the parties. ■■■ Injunctions do not dissolve themselves, and the party enjoined may not determine that absent the matter being brought to final hearing by complainant, he may disregard the temporary injunction as dissolved, notwithstanding he may have been entitled to a dissolution upon motion. The courts are concerned with the matter of disobedience of a decree of the court, the defiance of its authority and dignity.

■■■ Appellant says that the judgment of the lower court is manifestly wrong, being against the great pre-

ponderance of the evidence. The chancellor found that the State had the burden of proving beyond a reasonable doubt that appellant violated the injunction, and that the State met the burden. We agree that the evidence was sufficient.

Nor is there merit in the contention that the lower court should have granted appellant a jury trial.

Affirmed.

Roberds, P. J., and Hall, Kyle and Ethridge, JJ., concur.