STATE *v.* MYERS, et al.

No. 42434          November 5, 1962          146 So. 2d 334

*Martin R. McLendon,* Asst. Atty. Gen., Jackson, for appellant.

*Bidwell Adam, Albert S. Johnston, Jr., John M. Sekul,* Biloxi; *Forrest B. Jackson,* Jackson, for appellees.

RODGERS, J.

The Attorney General of the State of Mississippi, the District Attorney of the Second Circuit Court District, and the County Attorney of Harrison County, filed an original bill in the Chancery Court of Harrison County, Mississippi, to abate a common nuisance under the statutory authority vested in the Chancery Court by Sec. 1073, Miss. Code 1942, Rec. J. E. Myers, Mrs. J. E. Myers and Jack Dennis were made defendants in the pleading, wherein it was charged that they operated an establishment in which gambling was permitted. A description of the real property was set out in the bill, and it was alleged that defendants were permitting a dice table, roulette table, blackjack table and slot machines to be operated in the establishment, and that these were gambling devices.

The bill sought a temporary injunction against defendants, enjoining them from operating gambling devices and sought a permanent injunction prohibiting defendants from violating the gambling laws of Mississippi on the premises therein described. The State also asked that defendants be compelled to make discovery of other parties interested in the business, and require the defendants to give a legal description of the property. The State of Mississippi also sought to require the defendants to give bond in accordance with the aforementioned statutory law.

Defendants filed a special demurrer to the bill, and when the chancellor sustained the demurrer, the State amended the bill so as to set out the following language: "Answer under oath being specifically waived, and defendants are not required to answer any allegations to make discovery of any matter that might tend to incriminate them."

The attorney representing the defendants filed a general demurrer to the bill setting up, among other things, that there "is no equity upon the face of the bill." The Chancellor sustained the general demurrer. The State of Mississippi has appealed to this Court, and complains that the Chancery Court of Harrison County erred in sustaining appellee's general demurrer and in dismissing the bill of complaint.

The learned chancellor pointed out, in his opinion, that Sec. 1292, Miss. Code 1942, requires an answer in the chancery court to be made under oath as follows: "The answer shall be sworn to by the defendant unless the complainant in his bill shall waive an answer under oath; in which case the answer, whether sworn to or not, shall not be evidence for the respondent."

Sec. 1073, Miss. Code 1942, Rec., contains the following language: "And all rules of evidence and of practice and procedure that pertains to courts of equity generally

in this State may be invoked and applied in any injunction procedure hereunder.''

The chancellor was of the opinion that since Sec. 26 of the Constitution of 1890, expressly provides that a defendant shall not be required to give evidence against himself and since Sec. 1291, Miss. Code 1942, requires defendant to answer ''All matters of fact averred in the bill and not denied by the answer otherwise than by the general traverse, may be taken at the hearing as admitted'' — that where defendants had raised their constitutional rights not to testify by filing a general demurrer — the bill against the defendant could not be maintained on the ground ''that there was no equity on the face of the bill.''

We have come to the conclusion that the learned chancellor committed reversible error in sustaining the general demurrer to the original bill brought under Sec. 1073, Miss. Code 1942, Rec., to abate a common nuisance in this case for the following reasons.

This Court has pointed out in the case of Brooks v. State, by Alexander, et al., 219 Miss. 262, 68 So. 2d 461, that this section is not unconstitutional on the ground that it intends to confer upon the chancery court criminal jurisdiction, and also settled the question of due process of law. Cf. State v. Phillips, 109 Miss. 22, 67 So. 651.

We have pointed out that proceedings in the chancery court to abate a common nuisance under the liquor law is a civil cause. State, ex rel., Dist. Atty. v. White, et al., 178 Miss. 542, 173 So. 456. We have also said that facts to warrant an injunction may be established by preponderance of the evidence. Turnage v. State, 134 Miss. 431, 99 So. 9; 39 Am. Jur., Nuisances, Sec. 149, p. 414.

In the case of Alexander v. State, 210 Miss. 517, 49 So. 2d 387, 49 So. 2d 890, we held that a criminal statute (Sec. 2562, Miss. Code 1942) did not apply in common nuisance cases filed in the chancery court, but that the

law (Sec. 1278, Code of 1942) with reference to the power to punish for violation of breach of an injunction in the chancery court did apply.

This Court has repeatedly held that the chancery court had jurisdiction to issue injunctions, enjoining persons from operating a common nuisance under one or more of the common nuisance statutes of this State. Stevens v. State, 225 Miss. 48, 83 So. 2d 645; Murphy v. State, 202 Miss. 890, 32 So. 2d 875; Warren v. State, 231 Miss. 343, 95 So. 2d 237; State, Ex Rel., Hawkins, Dist. Atty. v. Busby, 224 Miss. 181, 79 So. 2d 728; Stringer v. State, 228 Miss. 387, 87 So. 2d 691; Pace v. State, 231 Miss. 144, 94 So. 2d 798; Vermillion v. State, ex rel., Carman, 210 Miss. 255, 49 So. 2d 401; Brooks, et al. v. State, by Alexander, et al., 219 Miss. 262, 68 So. 2d 461; McBride v. State, 221 Miss. 508, 73 So. 2d 154; Anno. 5 A. L. R. 1476; Warren v. State, 231 Miss. 343, 95 So. 2d 237.

In the case of State, ex rel., Atty. Gen. v. Marshall, 100 Miss. 626, 56 So. 792, we had occasion to review the liquor law with reference to a common nuisance, and this Court said: ''The right to enjoin a public nuisance is no new subject of equitable jurisdiction. * * * By the act the unlawful sale or gift of intoxicating liquors is declared to be such, and it was clearly within the constitutional power of the Legislature to so declare. Because a person may be prosecuted criminally for maintaining or conducting a public nuisance, this fact cannot prevent the right of an equity court to enjoin, and particularly when the law expressly gives that right. * * * In Storey on Equity Jurisprudence, Secs. 921, 923, it is stated that: 'In regard to public nuisances, the jurisdiction of the courts of equity seems to be of a very ancient date, and has been distinctly traced back to the reign of Queen Elizabeth. * * * In cases of public nuisances!''

It was argued in the Marshall case that a court of equity would refuse to enforce penalties, but the Court

said: "* * * Courts of equity do not, and cannot, refuse to enforce penalties created by statutes. The oft-quoted maxim that a court of equity will refuse to enforce a penalty has no application to any but penalties imposed by private contract." The Court also pointed out in this case that "The very origin of equity courts grew out of the inefficiency of the common-law courts to administer full and complete relief in all cases. The common-law courts prove themselves incapable of suppressing the liquor nuisance by the ordinary trial and conviction of the person engaged in the same. The Legislature of the State has been compelled to enlarge the scope of the remedy for the ratification of the evil, and to provide other and different ways of suppressing it. In order to do this, it condemned it as a nuisance, and provided for its abatement by the chancery court as well as providing civil penalties and criminal prosecution. In short, the Legislature has called into play the full judicial power of the State in order to make its prohibitory laws effective, but it has done it in a way that is consistent with its constitutional power." Cf. 39 Am. Jur., Nuisances, Sec. 149, p. 414.

The authority vested in the chancery court to suppress a public nuisance by injunctive process is an additional remedy and is separate from the criminal laws, and the mere fact that a public nuisance may also be a violation of the criminal law, does not reduce the authority conferred upon the chancery court to grant injunctive relief in a proper case. We do not believe that the chancery court can withhold injunctive process in a common nuisance case where the petitioner brings the cause within the statutory definition of a particular nuisance prescribed by the Legislature, and the proof warrants the issuance of the process.

We are therefore of the opinion that the original bill in this case stated a cause of action under Sec. 1073, Miss. Code 1942, Rec., and that the Chancery

Court of Harrison County, Mississippi, had jurisdiction of the subject-matter, and the parties, and that the demurrer should have been overruled.

We are in accord with the authorities cited by the appellees to the effect that Sec. 26 of the Constitution of Mississippi "* * * the accused * * * shall not be compelled to give evidence against himself; * * *" State v. Billups, 179 Miss. 352, 174 So. 50; Anno. 145 A. L. R. 1423. We also agree that this section of the Constitution of 1890 applies to answers in chancery, (Retail Credit Company v. Garraway, 240 Miss. 230, 126 So. 2d 271), as well as interrogatories propounded to defendant. (Wheat v. State, 201 Miss. 890, 30 So. 2d 84; Malouf v. Gully, State Tax Collector, 187 Miss. 331, 192 So. 2). We do not agree, however, that the right of defendant in a common nuisance case to object to testify against himself may be raised by a general demurrer to the petition, for the reason that, although defendant may object to being required to testify or give evidence against himself, nevertheless, his constitutional right to object to testifying does not affect the right of the State of Mississippi to proceed in chancery under the authority vested in a court of equity to abate a nuisance, by the use of other testimony. 66 C. J. S., Nuisances, Sec. 127 c. and d., pp. 914, 915.

How then should a defendant raise his objection to answer a bill that may require him to incriminate himself?

In the case of Bailey v. Muse, 227 Miss. 51, 85 So. 2d 918, we pointed out that defendants in that case, before they filed an answer to the bill of complaint, presented to the chancery court motions for a rule of court asking whether or not they would be required to answer any averment of fact contained in said bill which would tend to incriminate them, or subject them to a penalty or forfeiture. The chancellor overruled these motions, and on appeal this Court said: "The cross-appellants

amply raised and preserved this question in the chancery court, which expressly ruled on it and required a full answer to all of the bills of complaint, * * * since this is a suit for penalties and forfeitures, the chancery court should not have compelled the defendants *to answer that part of the bill of complaint which tends to incriminate them,* unless the court desired to give them immunity * * *'' (Emphasis supplied.)

This Court has held that the constitutional privilege against self-incrimination is personal, and it is waived unless it is claimed. State v. Milam, 210 Miss. 13, 48 So. 2d 594; Newcomb v. State, 37 Miss. 383. In a case where a meritorious motion was made, and submitted to the court, asking for a rule on the accused's objection to being required to testify against himself, this Court has preserved defendant's constitutional rights. Zambroni, et al. v. State, ex rel., Hawkins, 217 Miss. 418, 64 So. 2d 335.

In the case of Ridge v. State, 206 Ala. 349, 89 So. 742, the State filed a bill to abate a disorderly house and the lower court had granted an injunction, a motion was filed to dissolve the injunction previously issued, on the ground, (among others) ''that the proceeding is in effect a criminal prosecution, and the defendant is required to give evidence against himself in a sworn answer * * *'' The motion was overruled and on appeal the court said: ''In the abatement of nuisances by writ of injunction, the court of chancery exercises its inherent jurisdiction, and the proceeding therefore is strictly civil in its nature.'' The Court further said: ''As to the requirement of a sworn answer from respondents in these proceedings, and the suggestion that it violates section 6 of the Constitution declaring that one who is accused of crime 'shall not be compelled to give evidence against himself,' it is sufficient to say that, if the required answer would involve incriminating admissions of a criminal offense by respondent, such respondent can success-

fully invoke the protection of his constitutional privilege by making the proper showing to the court. * * * We hold that the act is not subject to the constitutional objections urged against it * * *''

In the case of People, ex rel., Moll, Chief Asst. Pros. Atty. v. Danziger, et al., 238 Mich. 39, 213 N. W. 448, 52 A. L. R. 136, a bill was filed to abate a nuisance, alleging that the premises in question were being used for the purpose of lewdness, assignation and prostitution. Defendant made a motion to dismiss on the ground that the act was unconstitutional for various reasons, among them, the following: ''That the allegations of the bill accuse this defendant of the commission of a crime and a misdemeanor, and the bill seeks to subject and expose this defendant to a penalty and a forfeiture, and that defendant cannot be compelled to make answer to any allegations which will accuse itself or admit the commission of any penalty or forfeiture; and that any provision of Act No. 389, Public Acts of 1925, compelling this defendant to make answer or suffer default is unconstitutional and void.'' For this reason, the trial judge held the act invalid and dismissed the bill. On appeal, the Supreme Court held that it was settled in England and in this country that a defendant may not be required in his answer to state facts which would tend to incriminate him, but the Court said: ''The privilege is a personal one (28 R. C. L. 430), and numerous cases are found which hold that a witness who has been served with subpoena must attend the court, and, if a subpoena duces tecum is served to produce papers, must produce the papers in court and must be sworn. When a question is asked which he is privileged from answering, he is entitled to the protection guaranteed by the Constitution. This is but saying that the constitutional rights of the citizen will be protected, but they will be protected in an orderly way.'' The Court further pointed out: ''In its answer defendant may assert its constitutional

right to decline to answer such paragraphs of the bill as call for an answer, which, under this opinion, violates such rights. The defendant, of course, is not the sole judge of such question.''

■■ ■ We are therefore of the opinion that the demurrer to the original bill in this case should have been overruled, and that the defendants' objection to being required to answer parts of the bill, believed by them to require answers tending to incriminate them, should have been brought to the attention of the court by proper pleading before the answer was made. A motion requesting a rule of court, on the particular answer required by the bill, and believed by defendants to tend to incriminate them, is a method heretofore approved. Defendants' objection could also be brought to the attention of the court in the answer, without answering the particular objectionable paragraph, until a ruling has been made on the objection by the court.

The order of the chancellor dismissing this cause of action is reversed, the demurrer to the original bill overruled, and remanded for further proceedings.

Reversed and remanded.

*McGehee, C. J., and Ethridge, McElroy and Jones, JJ.,* concur.