STATE OF MISSISSIPPI EX REL. DISTRICT ATTORNEY *v.* EADY, et al.

Nos. 42684, 42700-42706     April 22, 1963     151 So. 2d 917

*Roy Noble Lee,* District Attorney, Forest; *G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellant.

*McFarland & MacFarland,* Bay Springs, for appellees.

JONES, J.

The district attorney filed eight petitions in the Chancery Court of Scott County, seeking to have eight separate establishments declared public nuisances and abated under Sec. 2646, Code of 1942. The chancellor refused to hear the petitions and dismissed the cases. **(Hn 1)** We hold that he should have heard the cases, and each of them is reversed and remanded.

Sec. 2646, Code of 1942, provides: "Any club, vessel or boat, place or room, where liquors are found, kept or possessed . . . . . shall be deemed to be a common nuisance and may be abated by writ of injunction issued out of a court of equity upon a bill filed in the name

of the state by the attorney general or any district or county attorney, whose duty requires him to prosecute criminal cases on behalf of the state, in the county where the nuisance is maintained, or by any citizen or citizens of such county, such bill to be filed in the county in which the nuisance exists . . . . . ''

Each of the petitions here was filed in the name of the State on the relationship of Roy Noble Lee, District Attorney of the Eighth Circuit Court District of the State of Mississippi, and the said petitions alleged that intoxicating liquors were kept, found and possessed in and at a place and premises in Scott County, Mississippi, duly described, and the petition was in proper form and contained the requisite allegations under the Section of the Code above mentioned.

In July 1962, the then chancellor of the district directed the issuance of a temporary injunction without notice, as sought in the bill of complaint, and the temporary injunction was issued. An answer to the petition was filed and a motion to dissolve the temporary injunction was made.

On the first day of the September 1962 term of court, the term at which said cases were returnable, the newly-elected chancellor called all the officers of the county before him, and after inquiring of each one of them as to whether they thought the conditions in the county had reached the stage that they could not control the liquor situation, and having been assured that it had not, and having been promised by them that they would make an effort to and could enforce the laws, dissolved the injunctions and dismissed the bills of complaint without having heard any testimony, and after declining to hear testimony while the district attorney was requesting that the cases be set and heard. It is from this action that these appeals are taken.

The district attorney is the chief prosecuting officer for the district in which he serves, and while private

citizens have the right to file these actions, and even they should be heard when they file such a petition, we think that this is especially true of the chief law enforcement officer of the district who files the petition and swears to them. A somewhat similar situation was before this Court in the case of State of Mississippi v. J. E. Myers, et al., decided November 5, 1962, and reported in 146 So. 2d 334. In that case, this Court discussed the jurisdiction of equity in nuisance cases and said:

"The authority vested in the chancery court to suppress a public nuisance by injunctive process is an additional remedy and is separate from the criminal laws, and the mere fact that a public nuisance may also be a violation of the criminal law, does not reduce the authority conferred upon the chancery court to grant injunctive relief in a proper case. We do not believe that the chancery court can withhold injunctive process in a common nuisance case where the petitioner brings the cause within the statutory definition of a particular nuisance prescribed by the Legislature, and the proof warrants the issuance of the process."

We think the Legislature had a purpose in providing this remedy in common nuisance cases and when a petition is filed in proper form in accordance with the law, the court is under a duty to hear same and should hear it.

We are, therefore, reversing each of these cases for hearing by the chancery court, and are also reinstating the temporary injunctions issued.

Temporary injunctions reinstated and cases reversed and remanded.

*McGehee, C. J., and Arrington, McElroy and Rodgers, JJ.,* concur.