PATTERSON, Justice.
The administratrix of the estate of Ray H. Stieffel, Sr. brought suit in the Chancery Court of Hancock County under the authority of Mississippi Code Annotated section 545 (1956) against David J. Venus, III, and Ray H. Stieffel, Jr., and Herbert L. Stieffel, the latter two being the .sons of the deceased and the petitioner, praying for a discovery against the said defendants as to certain monies and personal property in the approximate sum of $90,000, alleged to have been wrongfully withheld from the administratrix by the said defendants. She prays for the delivery of such sum or any part thereof into the assets of said estate if it is found by discovery to be in the possession or under the control of the defendants.
The sons of the petitioner, Ray H. Stieffel, Jr., and Herbert L. Stieffel, answered the bill exhibited against them. The details of the answer are not enumerated here as their answer is not before the court on appeal.
The defendant, David J. Venus, III, responded to the bill of complaint by a motion requesting the court to strike and dismiss the petition for discovery and recovery of assets of the estate. The basis of such motion was that the business in which the decedent and movant were engaged during the lifetime of decedent was that of wholesale and retail sale of intoxicating liquor, and as such the business operation in violation of the liquor laws *420 of the State of Mississippi did not give rise to enforceable property rights on behalf of the administratrix of the estate. Venus based this motion upon two statutes. Mississippi Code Annotated section 2612 (1956) provides as follows:
If any person shall trust or give credit to another for intoxicating liquors, he shall lose the debt, and be forever disabled from recovering the same or any part thereof; and all notes or securities given therefor, under whatever pretense, shall be void.
Mississippi Code Annotated section 2618 (1956) provides in part as follows:
No property rights shall exist in any person, natural or artificial, or be vested in them in any intoxicating liquors or intoxicating drinks prohibited by this chapter from being manufactured, or distilled, or sold, or possessed, * * * when such articles are being kept or used, directly or indirectly, as means and appliances to violate the provisions of this chapter, * * *
In addition to the assertion that petitioner has no property right in that which she seeks by discovery, the movant also asserts in his motion to strike that the petition requires an answer that would tend to incriminate him and deny to him his constitutional right against self-incrimination as provided for by Mississippi Constitution section 26 (1890).
The lower court, which considered the defendant’s motion to strike, in effect the same as a motion for a rule of court, sustained the motion and the petition was dismissed.
The administratrix appeals here assigning as error the following:
(1) The court erred in sustaining the motion to strike, as by the motion defendant waived the right granted by the Constitution against self-incrimination.
(2) The court erred in sustaining ap-pellee’s motion to strike the petition of the appellant to discover and recover the assets of the estate of Ray H. Stieffel, Sr., deceased, under the provisions of Mississippi Code Annotated section 545 (1956).
We are of the opinion the first assignment of error is not well taken. In State v. Myers, 244 Miss. 778, 146 So.2d 334 (1962), in response to a question as to how a defendant should raise objection to answering a bill that might require him to incriminate himself, we held:
When a question is asked which he is privileged from answering, he is entitled to the protection guaranteed by the Constitution. This is but saying that the constitutional rights of the citizen will be protected, but they will be protected in an orderly way. * * * 244 Miss. at 787, 146 So.2d at 338.
(T)he defendants’ objection to being required to answer parts of the bill, believed by them to require answers tending to incriminate them, should have been brought to the attention of the court by proper pleading before the answer was made. A motion requesting a rule of court, on the particular answer required by the bill, and believed by defendants to tend to incriminate them, is a method heretofore approved. * * * 244 Miss. at 788, 146 So.2d at 338.
We are of the opinion, therefore, that the defendant did not waive his constitutional privilege against self-incrimination by the filing of the motion to strike.
We are of the opinion that the second assignment of error is well taken and that the cause of action must be reversed and remanded.
Mississippi Code Annotated section 2630 (1956) provides as follows:
No person shall be excused from attending and testifying before a grand *421 jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter, or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court; Provided, that no person so testifying shall be exempt from prosecution or punishment for perjury in so testifying. Any person who shall neglect or refuse to so attend or testify, or to answer any lawful inquiry, or to produce books or other documentary evidence, if in his power to do so, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than one hundred dollars or more than five hundred dollars, or by imprisonment for not more than ninety days, or by both such fines and imprisonment.
It is clear from the above that the defendant would not be excused from attending and testifying before any court on the grounds that his action in relation to the liquor laws would tend to incriminate him, as immunity from prosecution, penalty or forfeiture as a result of such testimony is specifically prescribed by statute. The terms of the statute apply equally to an answer which would tend to incriminate as it does to “attending and testifying”, as we held in Bailey v. Muse, 227 Miss. 51, 69, 85 So.2d 918, 924 (1956), a suit by the state tax collector to collect from the defendants statutory fines and penalties for unlawful sales of intoxicating liquors, as follows:
Of course if the chancellor, as here, requires an answer in full then under Code Section 2630 the defendant must so answer, but he is immune from assessment of the penalties and forfeitures insofar as the answer has tended to incriminate him with respect to them.
We hold, therefore, that the defendant is required to answer the petition for discovery of assets and that he is granted immunity from prosecution as to any disclosures the answer might reveal with reference to violation of Mississippi Code Annotated chapter 3 Intoxicating Liquors (1956).
We voice no opinion as to the applicability of Mississippi Code sections 2612 and 2618 (credit or property rights in liquor) if in fact the answer discloses, as the motion indicates it will, that the monies and property sought to be recovered were actually used in illicit liquor business. This opinion is limited to the sole proposition that where immunity is granted by statute from prosecution a motion or plea based upon the constitutional right or privilege against self-incrimination is not well taken.
With deference to the trial judge we feel constrained to state that the Code section upon which this case turns was not presented to him and he had no opportunity to pass thereon.
Reversed and remanded.
GILLESPIE, P. J., and INZER, SMITH, and ROBERTSON, JJ., concur.