984 So.2d 278 (2006)
Steven HALL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00990-COA.
Court of Appeals of Mississippi.
December 5, 2006.
Opinion After Remand October 9, 2007.
Rehearing Denied January 29, 2008.
*279 David G. Hill, Oxford, attorney for appellant.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Steven Hall was convicted on two counts of sale of cocaine. The trial court sentenced him, as an habitual offender, to serve a term of thirty years in the custody of the Mississippi Department of Corrections, on each count with the sentences to run consecutively. Hall was given credit for 112 days served. He was ordered to pay court costs and a $25,000 fine.
¶ 2. On appeal, Hall argues that he was: (1) entitled to a hearing on his speedy trial motion, (2) denied his federal right to a speedy trial, and (3) denied his state right to a speedy trial. We remand for a hearing consistent with this opinion.

FACTS
¶ 3. On August 15, 2002, the grand jury indicted Hall, as an habitual offender, on two counts of sale of cocaine. The next week, he waived arraignment. Trial was originally set for November 20, 2002, but Hall did not appear. Two days later, his court-appointed attorney was allowed to withdraw. On December 26, Hall was captured in Marion County, Mississippi, and awaited transport back to Desoto County. Sometime between December 26, 2002 and March 21, 2003, he was incarcerated in Indiana. The record is silent on how and why he went from Marion County to Indiana.
¶ 4. On May 6, 2003, Hall filed a pro se motion for a speedy trial. The record does not contain a ruling on this motion. On December 15, 2003, Hall filed a "Verified Motion for Discharge Due to Lack of Fast and Speedy Trial." He also asked the supreme court to direct the trial court to rule on the speedy trial motions, which the supreme court denied.
¶ 5. Hall was not appointed new counsel until January 26, 2005. On Wednesday, March 30, the trial court held a hearing on Hall's "Motion for Disclosure of Impeaching Information." At the hearing, Hall, pro se, asked to be heard on his speedy trial motions. The court told him they would have to be heard later. On the morning of trial, Monday, April 4, 2005, Hall again moved pro se and asked to be *280 heard on his speedy trial motions. The trial court found that the motion had already been heard and overruled at "last Friday's hearing." The record before us has nothing on this hearing.

ANALYSIS
I. Was Hall entitled to a hearing on his speedy trial motion?
¶ 6. Hall first asserts that the trial court erred in refusing to hear his speedy trial motions based on the mistaken belief that the motion had already been heard. The State argues the entire appeal is waived for Hall's failure to provide a complete record. The State assumes that the hearing did occur, and therefore, its absence suggests an incomplete record.
¶ 7. Due process of law requires a meaningful opportunity to be heard. Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Furthermore, "[a] judge shall hear and decide all assigned matters within the judge's jurisdiction except those in which disqualification is required." Miss.Code of Judicial Conduct Canon 3(B)(1). "The power to hear and decide carries with it the duty to do so. Mandate will lie to require an inferior court to hear the merits of a cause where it was improperly dismissed." Shewbrooks v. A.C. & S., Inc., 529 So.2d 557, 560 (Miss.1988) (quoting Rosenbarger v. Marion Cir. Ct., 239 Ind. 132, 155 N.E.2d 125, 127 (1959)). See also State ex rel. Dist. Attorney v. Eady, 246 Miss. 694, 697, 151 So.2d 917, 919 (1963). The question here is whether Hall was heard on the speedy trial motions.
¶ 8. Several times, Hall tried to get the trial court to rule on his speedy trial motions. The final time it was brought to the court's attention, the trial court refused to entertain Hall's motion, because it found that the motion was already argued and overruled at "last Friday's hearing." This ruling was on April 4. The only hearing in the record before that was Wednesday, March 30 on Hall's motion for disclosure. At the March 30 hearing, the trial court said it would have a hearing later on the speedy trial motion.
¶ 9. The circuit clerk and court reporter have certified that they have provided the complete proceedings had in this case. No transcript or other record of a hearing on Hall's motion for speedy trial appears. No ruling on the motion is to be found. Further, in the record, the court reporter submitted bills for each hearing that was transcribed. There is a bill for the March 30 hearing on the motion to disclose and for the May 6 post-trial motions. Assuming the circuit clerk and court reporter's certification to be correct, we have nothing before us to suggest that there was ever a hearing on the motion to dismiss for speedy trial violation. We also note that the State has not supplemented the record, pursuant to Mississippi Rule of Appellate Procedure 10, to establish the fact that such hearing was indeed held.
¶ 10. Because we have determined that Hall was not heard, we determine that it is appropriate to remand this case to the trial court for a hearing on the motion to dismiss for lack of a speedy trial. Upon the completion of the hearing, if the court denies the motion, the trial court is instructed to certify the record of the hearing together with its findings and holdings to this Court so we can adequately address the issues raised in this appeal.
II. Was Hall denied his federal right to a speedy trial?
III. Was Hall denied his state right to a speedy trial?
¶ 11. Because we must remand this case for a hearing, we do not reach these issues.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY *281 IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
GRIFFIS, J., for the Court.
¶ 1. This is the second appearance of this case before this Court. In Hall v. State, 2005-KA-00990-COA (¶ 10), 984 So.2d 278, 2006 WL 3490618 (Miss.Ct.App. Dec. 5, 2006), this Court first considered this appeal and ruled:
Because we have determined that Hall was not heard, we determine that it is appropriate to remand this case to the trial court for a hearing on the motion to dismiss for lack of a speedy trial. Upon the completion of the hearing, if the court denies the motion, the trial court is instructed to certify the record of the hearing together with its findings and holdings to this Court so we can adequately address the issues raised in this appeal.
¶ 2. Upon remand of this case for a speedy trial hearing, the trial court supplemented the record and certified to this Court a copy of the speedy trial hearing transcript, which was previously missing from the record. On appeal, Hall argues that he was: (1) entitled to a hearing on his speedy trial motion, (2) denied his federal right to a speedy trial, and (3) denied his state right to a speedy trial. We find no error and affirm.

FACTS
¶ 3. On July 8, 2002, Hall was arrested in DeSoto County. On August 15, 2002, the grand jury indicted Hall, as an habitual offender, on two counts of sale of cocaine. The next week, he waived arraignment. Trial was originally set for November 20, 2002, but Hall did not appear. Two days later, his court-appointed attorney was allowed to withdraw. Sometime between December 26, 2002 and March 21, 2003, he was incarcerated in Indiana. The record is silent on how and why he went from Mississippi to Indiana.
¶ 4. On May 6, 2003, Hall filed a pro se motion for a speedy trial. The record does not contain a ruling on this motion. On December 15, 2003, Hall filed a "Verified Motion for Discharge Due to Lack of Fast and Speedy Trial." He also asked the supreme court to direct the trial court to rule on the speedy trial motions, which the supreme court denied. On January 15, 2005, the State of Indiana finally released Hall into the custody of the State of Mississippi.
¶ 5. Hall was not appointed new counsel until January 26, 2005. On Wednesday, March 30, the trial court held a hearing on Hall's "Motion for Disclosure of Impeaching Information." At the hearing, Hall, pro se, asked to be heard on his speedy trial motions. The court told him they would have to be heard later. After a full hearing, the trial court overruled Hall's motion on April 1, 2005. On the morning of trial, Monday, April 4, 2005, Hall again moved pro se and asked to be heard on his speedy trial motions; however, the motion had already been overruled. Hall's trial began on April 4, 2005.

STANDARD OF REVIEW
¶ 6. Upon reviewing a defendant's claim for failure to provide a speedy trial, the trial court must determine whether or not the State had good cause for the delay. Price v. State, 898 So.2d 641, 648(¶ 9) (Miss.2005). We will affirm the trial court's judgment if it is based on substantial, credible evidence. Id. "If no probative *282 evidence supports the trial court's findings of good cause, this Court will ordinarily reverse. The State bears the burden of proving good cause for a speedy trial delay. . . . The right to a speedy trial attaches at the time of the accused's arrest, indictment, or information." Id. (internal citations omitted).

ANALYSIS
I. Was Hall entitled to a hearing on his speedy trial motion?
¶ 7. Hall first asserts that the trial court erred in refusing to hear his speedy trial motions based on the mistaken belief that the motion had already been heard. Upon remand by this Court's prior opinion, the record was supplemented, and the trial court provided this Court with the transcript of Hall's speedy trial hearing. Since there is evidence that there was a hearing on Hall's speedy trial motion, this issue has no merit.
II. Was Hall denied his federal right to a speedy trial?
¶ 8. In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court established a four-part balancing test to decide whether or not a criminal defendant has been denied his Constitutional right to a speedy trial. Under this test, which has been adopted by the Mississippi Supreme Court, the trial judge is to balance: "(i) length of delay, (ii) the reason for the delay, (iii) the defendant's assertion of his right, and (iv) prejudice to the defendant." Price, 898 So.2d at 648(¶ 10).
¶ 9. In Wall v. State, 718 So.2d 1107 (Miss.1998), the Mississippi Supreme Court dealt with a case similar to this one. In Wall, the defendant was arrested in Mississippi and later fled to Tennessee where he was arrested and incarcerated on another offense. Id. at 1112 (¶ 21). The court found that Wall's "arrest and incarceration in Tennessee on other charges does not start the clock ticking against the State of Mississippi. The State was not even able to arrest Wall until . . . [he] was turned over to the State of Mississippi." Id at (¶ 22). The supreme court found further that the four months between Wall's return to the custody of Mississippi and his eventual trial did "not implicate a delay of proportions sufficient to trigger the analysis under Barker v. Wingo." Id. Under the Constitution, a delay is not considered prejudicial until at least eight months has passed. Id.
¶ 10. Here, the trial court found that just three and a half months passed between Hall's return to Mississippi and his eventual trial date. Like the supreme court in Wall, we find that "`[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.'" Id. (citing Barker, 407 U.S. at 530). Therefore, we agree with the trial court's holding and affirm.
¶ 11. However, we also agree with the trial court that the four factors from Barker weigh in favor of the State. The State established and the trial court agreed that the vast majority of the delay was caused by either Hall or the State of Indiana. Thus, the second factor weighs in favor of the State
¶ 12. The trial court also found that Hall was not prejudiced under prong four because he had not suffered any unusual anxiety, oppressive incarceration, or had trouble finding witnesses. Id. at 1113(¶ 26). We agree with the trial court's findings on this prong.
¶ 13. Finally, the trial court found and we agree that Hall did assert his right to a speedy trial. However, we cannot say on appeal that this one factor counteracts the other three prongs and tips the balance in favor of Hall. Thus, we find the trial court was correct in its ruling.
*283 III. Was Hall denied his state right to a speedy trial?
¶ 14. Mississippi Code Annotated section 99-17-1 (Rev.2000) states "[u]nless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." Hall waived his arraignment on August 26, 2002. Normally, his two hundred and seventy days under section 99-17-1 would start on August 26, 2002. "However, in a situation where the accused is already detained in another jurisdiction, we are to use the date of extradition to determine the time that the constitutional right to a speedy trial attached." Shumaker v. State, 956 So.2d 1078, 1083(¶ 6) (Miss. Ct.App.2007). Thus, we find that Hall was well short of his two hundred and seventy days because the record reflects that Hall only served eighty days between his return to Mississippi and his trial date.
¶ 15. Furthermore, the trial court found and we agree that the State has shown good cause. The judge specifically mentioned on the record that Hall missed his first trial date because he was incarcerated in Indiana. Also, the judge stated that any delay Hall suffered was caused by Hall's criminal actions in Indiana, his being incarcerated in another state, and the extradition process. We cannot say that the circuit court was not presented with sufficient evidence to find that Hall had not gone beyond the two-hundred and seventy day deadline under section 99-17-1 and that the State established good cause. Thus, we agree with the trial judge and affirm.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF COUNT 1 SALE OF COCAINE AND SENTENCE OF THIRTY YEARS; COUNT 2 SALE OF COCAINE AND SENTENCE OF THIRTY YEARS, WITH SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, AND FINE OF $25,000, WITH DEFENDANT GIVEN CREDIT FOR 112 DAYS SERVED WHILE AWAITING TRIAL, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.