KING, JUSTICE,
dissenting:
¶ 22. With appropriate respect for the Majority, I am compelled to dissent from its ultimate resolution of this case. The Majority claims that the chancellor did not issue a permanent injunction, but in language less than artful, merely continued the preliminary injunction by improperly styling it as a permanent injunction. On that basis, the Majority holds that this case should be remanded with instructions to continue the preliminary injunction. It is my belief that the proper reading of the *1023 record is that (1) the chancellor held a hearing and granted a preliminary injunction; (2) the chancellor held a subsequent hearing on the merits of Gunn’s and Harris’s request for a permanent injunction; (3) the chancellor inferentially found that Gunn and Harris had failed to present sufficient evidence to establish their entitlement to a permanent injunction; and (4) the chancellor erred in granting a permanent injunction. Under this reading, the only proper action for this Court is to dissolve the permanent injunction.
¶ 23. Gunn and Harris requested that the chancellor preliminarily and permanently enjoin the Secretary of State and Ocean Springs from taking any action under what was claimed by the Secretary of State and the City of Ocean Springs to be a lease of public tidelands. Following a hearing, the chancellor granted the preliminary injunction on April 8, 2010, and scheduled a hearing on the request for a permanent injunction for April 13 and 14, 2010.
¶ 24. As the movants, Gunn and Harris were responsible for placing before the chancellor sufficient evidence of their entitlement to a permanent injunction. This Court has held that facts to warrant an injunction must be established by a preponderance of the evidence. State v. Myers, 244 Miss. 778, 782, 146 So.2d 334, 335 (1962) (citations omitted). Thus, Gunn and Harris were required to prove that the facts more likely than not supported their claim that the lease is invalid. Dill v. Southern Farm Bureau Life Ins. Co., 797 So.2d 858, 867 (¶ 27) (Miss.2001).
¶ 25. Following the presentation of evidence by the parties, the chancellor analyzed the evidence presented to her, and addressed the four-factor test which is applied to determine whether to grant a permanent injunction. Those four factors which are to be used in determining whether to issue a permanent injunction are: (1) a substantial likelihood that the plaintiff will prevail on the merits; (2) irreparable injury to the plaintiff; (3) the harm an injunction would cause the defendant; and (4) public interest. Punzo v. Jackson County, 861 So.2d 340, 350 (¶ 41) (Miss.2003) (citing Electronic Data Sys. Corp. v. Miss. Div. of Medicaid, 853 So.2d 1192, 1207-08 (¶ 49) (Miss.2003)).
¶ 26. The primary issue to be resolved in a consideration of the merits of the claims of Gunn and Harris is the ownership of the disputed property. In addressing that issue, the chancellor stated: “Evidence in this matter asserts that the Proposed Project may or may not be located within tideland. Further evidence contends that the Plaintiffs may or may not have littoral rights within the Proposed Project area.... At present, this factor weighs in equally to both parties.” Clearly, the chancellor considered this issue and determined that she lacked sufficient evidence to resolve it in favor of Gunn and Harris. The chancellor specifically held that the evidence of ownership did not preponderate in favor or either party. Because Gunn and Harris failed to meet their requisite burden of proof, they failed to establish any entitlement to relief. Thus, the chancellor erred in granting a permanent injunction.
¶ 27. The Majority holds that the injunction is mistakenly styled as permanent and is essentially a reaffirmation of the earlier-granted preliminary injunction. The Majority holds that this appeal should be remanded with an instruction to continue the preliminary injunction. I disagree. A preliminary injunction remains in place only until the completion of a trial on the merits. See Mississippi Rule of Civil Procedure Rule 65; 11 Wright & Miller, Federal Practice and Procedure, Civil § 2947 (1973). The chancellor conducted a hear *1024 ing on the merits and found that Gunn and Harris had failed to present sufficient evidence to establish their entitlement to a permanent injunction. I do not doubt that this Court may, by a mere majority vote, make any disposition of this case that it chooses. However, I am aware of no legal basis that allows this Court to ignore that the chancellor held a hearing on the merits and determined that Gunn and Harris had failed to establish that they were entitled to permanent injunctive relief. I would therefore hold that the chancellor erred in granting a permanent injunction, and the permanent injunction should be dissolved.