*305 COLEMAN, Justice,
dissenting:
¶ 55. Today’s majority opinion presents an excellent and, I believe, accurate discussion . of the law of Mississippi regarding privity and the necessity of privity in most lien situations. However, I am of the opinion that, in requiring privity for a lien pursuant to Mississippi Code Section 85-7-7 the majority exceeds the .constitutional power of the Court by judicially amending the statute.
¶ 56. Section 85-7-7 provides as follows:
There shall be a lien on all ships, steamboats and other water craft for work done or materials supplied by any person in this state for or concerning the building, repairing, fitting, furnishing, supplying or victualing such ships, steamboats or other water craft, and for the wages of the persons employed on board such vessel, boat, or craft, for work done or services rendered, in preference to all other debts due and owing from the owners thereof. The said lien shall expire six (6) months after the claim is due, unless judicial proceedings have been commenced to assert it.
Miss.Code Ann. § 85-7-7 (Rev. 2011) (emphasis added). The use of the word shall indicates that the Legislature has issued a mandatory directive that the courts of the state, including the Supreme Court, have no choice but to follow. Pickering v. Hood, 95 So.3d 611, 615 (¶ 10) (Miss.2012) (“The statute’s mandatory term “shall” is not a suggestion — it is a mandate.”). Accordingly, a Section 85-7-7 lien exists automatically and by operation of law when a person supplies materials or work for a ship, steamboat, or other water craft. Assuming the statute violates no constitutional provision, the Legislature had the authority to enact it and the Court must enforce it. Once the lien exists, it stands in preference to all other debts due and owing from the owners.
¶ 57. Our role in the constitutional framework of our state government “should not place [the Court] in the position of changing the substantive law enacted by the Legislature.”. Little v. Miss. Dep’t of Transp., 129 So.3d 132, 138 (¶ 12) (Miss.2013) (citing Stockstill v. State, 854 So.2d 1017, 1022-23 (¶ 13) (Miss.2003) (“It is not the duty of this Court to add language where we see fit.”)). Stated differently, we have a “constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation.” Tallahatchie Gen. Hosp. v. Howe, 49 So.3d 86, 92 (¶ 17) (Miss.2010). The Legislature “alone has the power to create and modify statutes. It is not the province of the Court to insert requirements where the Legislature did not do so.” Finn v. State, 978 So.2d 1270, 1272-1273 (¶ 9) (Miss.2008) (emphasis added); see also Zambroni v. State, 217 Miss. 418, 64 So.2d 335, 337 (1953) (“It is not our province to write the statutes, but only to construe them as written.”).
¶ 58. I cannot square the majority’s imposition of a requirement of privity with the plain language of the statute, which creates a mandatory and automatic lien. Because I believe the majority exceeds the constitutional power of the Court in judicially modifying the statute, I must dissent.
RANDOLPH, P.J., AND LAMAR, J., JOIN THIS OPINION.